## HARRIET G. GRAY *vs.* ALBERT R. WHITE.

**A.** bought goods of B. for a certain sum, to be paid by giving up a promissory note of B. which he held and paying in cash the balance of the contract price over the amount due on the note. *Held*, that if A. did not give up the note B. might recover from him the full contract price of the goods.

CONTRACT on an account annexed for the price of a horse and carriage sold by the plaintiff to the defendant, who set up in defence that it was a part of the terms of the sale that he should be credited, towards payment of the contract price, with the amount due on a promissory note of the plaintiff which he then held.

At the trial in the superior court, before *Reed*, J., it did not appear that the defendant ever gave up the promissory note to the plaintiff; but the judge nevertheless directed a verdict for the plaintiff for only the balance of the contract price of the horse and carriage after deducting the amount due on the note, and reported for the determination of this court the case which is stated in the opinion.

*J. Brown*, for the plaintiff.

*S. R. Townsend*, for the defendant.

MORTON, J. If the contract between the parties was clear and unequivocal, that the sale and delivery of the horse and

wagon should operate as payment and extinguishment of the note, the case of *Fuller* v. *Shattuck*, 13 Gray, 70, would apply, and the plaintiff could not recover anything more than the balance due him over and above the amount due on the note. But the report does not show that this was the contract. The testimony at the trial was, that " the defendant agreed to buy and did buy of the plaintiff the horse and carriage, at the price of one hundred and sixty-five dollars, which was to be paid, not in money, but by giving up the note and paying in cash any balance that might be left between this price and the amount due upon the note." If this is a correct statement of the agreement of the parties, the contract was executory, and some further act remained to be done before either debt could operate as payment and extinguishment of the other, in whole or in part. The defendant was to give up the note in part payment of the horse and carriage, and the plaintiff was to receive it instead of the same amount in cash. But until the contract was executed, neither debt would operate as a technical payment of the other. *Cary* v. *Bancroft*, 14 Pick. 315. It was clearly competent for the jury to find, upon the evidence, that the contract was an executory one, which did not extinguish the note ; and therefore the ruling at the trial, that the horse and carriage were given and sold to the defendant in payment of the note, was erroneous.

*New trial ordered.*